UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN PETER DALLY,

Plaintiff, Hon. Jane M. Beckering

v. Case No. 1:26-cv-02141

DUSTY FELTNER, et al.,

Defendants.
_______________________________/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action on July 23, 2026. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed and this action terminated.

**ANALYSIS**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has

held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (citations omitted).

Plaintiff initiated this complaint against Dusty Feltner, probation officer; Judge Brent Weigle, 15th Circuit Court; Lauren A. Burch, prosecutor; Nora Geiger, prosecutor; Matthew L. Galser, public defender; Zachary Stempien, prosecutor; Kyle Randolph, prosecutor; and Amanda O'Boyle, city attorney. (ECF No. 1, PageID.2-4). Plaintiff does not specify in which capacity he is suing Defendants. (*Id.*).

In his complaint, Plaintiff alleges the following. In an underlying state criminal case, Plaintiff accepted a plea deal that included a release to a rehabilitation facility after six months of incarceration. (ECF No. 1, PageID.5). Upon his release to the facility, he was told that he "didn't need any further treatment." (*Id.*). Plaintiff objected to this and received four probation violations that he alleges are "false/untrue" and "reaches by probation and Branch County to teach [him] a lesson." (*Id.*). Plaintiff requests "restitution" for a myriad of claims, including, *inter alia*, "false imprisonment, false probation violations, PTSD, denial of relief, denial of therapy, [and] denial of medical treatment." (ECF No. 1, PageID.6).

Plaintiff does not assert any specific legal claims against any Defendant. To meet basic notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's vague factual allegations do not adequately identify a legal claim Plaintiff intends to pursue. Although the Court reads *pro se* pleadings more liberally than those drafted by attorneys, it is not the role of the Court to construct possible but potentially not asserted claims for any party, including a *pro se* Plaintiff, and then proceed to test whether the asserted facts fit that claim or claims so as to evade dismissal of a Complaint. The Court's role is to adjudicate disputes, not assist in asserting them. Plaintiff failed to state a claim against Defendants. Accordingly, the undersigned recommends that this matter be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous and not in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 21, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge